UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8678 PA (SSx) | | Date | November 23, 2011 |
|---|---|---|---|---|
| Title | Sherry Herkal v. Boston Scientific Corp., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Complaint filed by plaintiff Sherry Herkal ("Plaintiff").  The Complaint alleges several state law causes of action against defendant Boston Scientific Corporation ("Defendant"), arising out of a medical device implant she received at the Fremont Medical Center in Yuba City, California.  Defendant, the manufacturer and distributor of the device, is a Delaware corporation with it principle place of business in Massachusetts.

The Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Eastern District of California ("Eastern District"), or, in the alternative, to the United States District Court for the District of Massachusetts, for the convenience of the parties and witnesses, and in the interests of justice.  See 28 U.S.C. §§ 124(a), 1404(a).  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Eastern District or the District of Massachusetts;

2. Whether venue is appropriate in the Eastern District or the District of Massachusetts;

3. What contacts, if any, each of the parties has to the Central District of California ("Central District"), the Eastern District, and the District of Massachusetts.  The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiff's causes of action have to the Central District, the Eastern District, and the District of Massachusetts;

5. Which witnesses are expected to be called and where they reside;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8678 PA (SSx) | | Date | November 23, 2011 |
|---|---|---|---|---|
| Title | Sherry Herkal v. Boston Scientific Corp., et al. | | | |

6.    The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Eastern District or the District of Massachusetts;

7.    The ease of access to sources of proof in each of the three forums;

8.    The expected difference in the cost of litigation in the Central District as compared to the Eastern District and the District of Massachusetts; and

9.    Whether there are any alternative forums, other than the Central District, the Eastern District, or the District of Massachusetts, that would be more convenient for this action, keeping in mind the inquiries above.

    Plaintiff is ordered to file her response no later than December 2, 2011.  Defendant must file its response no later than December 9, 2011.  Failure to timely respond to this order to show cause may result in the imposition of sanctions.

    IT IS SO ORDERED.